UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL A. PETILLO,**
**CARNEY G. PETILLO, JR.,**
**DANIEL J. PETILLO,**

       **Plaintiffs,**

-vs-                                      Case No. 6:08-cv-1255-Orl-19GJK

**WORLD SAVINGS BANK, FSB,**
n/k/a Wachovia Mortgage, FSB,
**MERIDIAN CAPITAL MORTGAGE, INC.,**
**ALLIANCE TITLE COMPANY,**

       **Defendants.**

_____

# ORDER

This case comes before the Court on the following:

1. Motion to Dismiss, Abstain from or, in the Alternative, to Stay Action by Defendant World Savings Bank, FSB, n/k/a Wachovia Mortgage, FSB, (Doc. No. 20, filed Oct. 24, 2008);

2. Memorandum in Opposition to World Savings' Motion Dismiss, Abstain from or, in the Alternative, to Stay Action by Plaintiffs Michael A. Petillo, Carney G. Petillo, Jr., and Daniel J. Petillo, (Doc. No. 21, filed Nov. 1, 2008);

3. Motion for Summary Judgment as to Count I by Plaintiff Daniel J. Petillo, (Doc. No. 22, filed Dec. 24, 2008);

4. Notice of Filing Affidavit of Plaintiff Daniel J. Petillo in Support of Motion for Partial Summary Judgment, (Doc. No. 23, filed Dec. 24, 2008);

5. Response and Memorandum of Law in Opposition to Daniel J. Petillo's Motion for Summary Judgment as to Count I by Defendant World Savings Bank, FSB, n/k/a Wachovia Mortgage, FSB, (Doc. No. 29, filed Jan. 22, 2009);

6. Request for Judicial Notice by Defendant World Savings Bank, FSB, n/k/a Wachovia Mortgage, FSB, (Doc. No. 46, filed May 15, 2009);

7. The Court's Notice of Conversion of the Motion to Dismiss, Abstain from or, in the Alternative, to Stay Action by Defendant World Savings Bank, FSB, n/k/a Wachovia Mortgage, FSB, (Doc. No. 20, filed Oct. 24, 2008) to a Motion for Summary Judgment, (Doc. No. 48, filed June 2, 2009);

8. Second Request for Judicial Notice by Defendant World Savings Bank, FSB, n/k/a Wachovia Mortgage, FSB, (Doc. No. 49, filed June 17, 2009);

9. Memorandum of Law in Response to Court's Notice of Conversion of Motion by Defendant World Savings Bank, FSB, n/k/a Wachovia Mortgage, FSB, (Doc. No. 50, filed June 17, 2009); and

10. Supplemental Memorandum in Opposition to the Motion to Dismiss, n/k/a Motion for Summary Judgment by Plaintiffs, (Doc. No. 51, filed July 1, 2009).

## Background

This is an action brought by Plaintiffs Michael Petillo, Carney G. Petillo, Jr., and Daniel J. Petillo[1] against Defendants World Savings Bank, FSB, n/k/a Wachovia Mortgage, FSB ("Wachovia"), Meridian Capital Mortgage, Inc. ("Meridian"), and Alliance Title Company

---

[1] To avoid confusion, this Order will use the first names of Plaintiffs and their family members when referring to the Petillos individually.

("Alliance"). (Doc. No. 1 at 1-3, filed July 29, 2008.) The Complaint alleges five[2] counts: (1) a claim for rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 (2006), and Regulation Z, 12 C.F.R. § 226.23 (2008), by Daniel Petillo against Wachovia; (2) a negligence claim by all Plaintiffs against Wachovia; (3) a negligence claim by all Plaintiffs against Meridian; (4) a claim for violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), § 501.2105 (2008), by all Plaintiffs against Wachovia; and (5) a claim of civil conspiracy by all Plaintiffs against all Defendants. (Doc. No. 1 at 11-19.)

According to the allegations of the Complaint,[3] Maria Petillo and Carney Petillo, Sr., purchased a home located at 1391 Tiptree Circle in Orlando, Florida in 1990. (*Id.* at 3.) In 2004, Maria and Carney, Sr., conveyed their interest in this property to their three sons, Michael, Daniel, and Carney, Jr., as joint tenants with rights of survivorship. (*Id.* at 3-4.) This conveyance was recorded on approximately December 17, 2004. (*Id.* at 4.) On or about August 31, 2005, Michael, Daniel, Carney, Jr., and Carney, Sr., executed a mortgage on the property to New Century Mortgage Corporation. (*Id.*) This mortgage was later assigned by New Century to Deutsche Bank Trust Company America. (*Id.*) The recording of the mortgage "stated that it was being made and executed by Carney G. Petillo Jr. and Michael A. Petillo and Daniel J. Petillo, as Joint Tenants with Rights of Survivorship – Carney G. Petillo Sr." (*Id.* at 4-5 (quotation marks omitted).)

Carney, Sr., died in 2006, and at the time, Michael was the family member primarily responsible for paying the mortgage on the property. (*Id.* at 5.) Michael lived on the property and

---

[2] The fourth count is listed as "Count V," and the fifth count is listed as "Count VI"; however, there is no Count IV. (Doc. No. 1 at 18-19.)

[3] The allegations are restated here to provide context and should not be construed as findings of fact.

used the home as his principal dwelling, as did his brother Daniel. (*Id.*) In approximately August of 2006, Michael approached Meridian, a mortgage broker company, to inquire about mortgage refinancing options. (*Id.*) Michael purportedly informed Meridian that he owned the property jointly with his brothers. (*Id.* at 6.) Meridian sent to Michael several documents of initial disclosures, including a "Mortgage Broker Business Contract," a "Standards and Disclosures" form, and a "Mortgage Loan Origination Disclosure." (*Id.* at 7.) After several weeks, Meridian discovered a potential refinancing option and sent Michael information about the terms of a mortgage loan from Wachovia. (*Id.* at 7-8.)

In September of 2006, Michael and Wachovia entered a mortgage loan agreement. (*Id.*) Wachovia extended credit to Michael, subject to a finance charge, with the property as security for the loan. (*Id.* at 8-9.) As a part of this transaction, Michael received the Mortgage document and an "Adjustable Rate Mortgage Note." (*Id.* at 9.) These documents were not provided to Daniel or Carney, Jr. (*Id.*) The transaction between Michael and Wachovia closed on October 10, 2006,[4] and the title company utilized in the closing was Alliance. (*Id.*) Meridian arranged for Alliance to be the escrow or title agent for the transaction. (*Id.*) Michael received a final closing statement and a "Housing and Urban Development Settlement Statement" from either Alliance or Meridian. (*Id.*) Again, these documents were not provided to Daniel or Carney, Jr. (*Id.* at 9-10.)

In June of 2007, Wachovia filed an action in Florida state court against Michael, Daniel, and Carney, Jr., (collectively, "the Petillos") in which Wachovia "demanded judgment that a lien on the Property would be held as valid and enforceable and that it would be equitably subrogated to any

---

[4] Although the allegations of the Complaint state 2007 as the year of closing, this appears to be a typo. (Doc. No. 1 at 9.) The documents attached to the Complaint clarify that closing occurred on October 10, 2006. (*E.g.*, Doc. No. 1-7 at 1.)

right, title, interest, or estate that Daniel and Carney had in the property." (*Id.* at 10.) On April 4, 2008, the Petillos sent a written notice to Wachovia of the right to rescind the transaction pursuant to TILA and Section 226.23(a)(2) of Regulation Z. (*Id.*) The Petillos also sent written notices to Meridian and Alliance. (*Id.*)

On July 29, 2008, the Petillos brought the instant action against Wachovia, Meridian, and Alliance. In response, Wachovia has filed a Motion to Dismiss or Abstain. (Doc. No. 20.) Upon review of Wachovia's Motion to Dismiss, the Court determined that the issue of res judicata and the effect of Wachovia's state court action against the Petillos warranted consideration of matters outside of the pleadings. Accordingly, the Court entered a Notice of Conversion of the Motion to Dismiss to a motion for summary judgment. (Doc. No. 48.) By leave of the Court, the Petillos and Wachovia have each filed supplemental memoranda[5] in response to the conversion. (Doc. Nos. 49-51.) Also pending is a Motion for Summary Judgment as to Count I by Daniel Petillo which Wachovia opposes. (Doc. Nos. 22, 29.)

**Standard of Review**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004). An issue of fact is "material" if, under the applicable substantive law, it might affect the outcome of the case. *Hickson Corp.*, 357 F.3d at 1259. An issue of fact is

---

[5] Wachovia has filed the docket sheet and relevant filings from the state court action. (Doc. Nos. 20-2 to 20-6, 46, 49.)

"genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.* at 1260. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.* On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. In addition, when a claimant fails to produce "anything more than a repetition of his conclusory allegations," summary judgment for the movant is "not only proper but required." *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

**Analysis**

**I.  Res Judicata and Florida's Compulsory Counterclaim Rule**

The doctrine of res judicata, also known as claim preclusion, "is a judicially made doctrine with the purpose of both giving finality to parties who have already litigated a claim and promoting

judicial economy . . . ." *Eastman Kodak Co. v. Atlanta Retail, Inc. (In re Atlanta Retail, Inc.)*, 456 F.3d 1277, 1284 (11th Cir. 2006) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979)). When a suit is brought under federal question jurisdiction, and the federal court "is asked to give res judicata effect to a state court judgment, it must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985) (quotation marks omitted) (citing *Hernandez v. City of Lafayette*, 699 F.2d 734, 736 (5th Cir. 1983)). Accordingly, in a case in which a party asserts the res judicata effect of a Florida state court judgment, such as the case at hand, Florida law applies. *Id.*

Under Florida law, the doctrine of res judicata requires a judgment on the merits in a prior suit and "bars subsequent litigation where there is (1) identity of the thing sued for, (2) identity of the cause of action, (3) identity of persons and parties to the actions, and (4) identity of the quality or capacity of the person for or against whom the claim is made." *Id.* (citations omitted).

Florida law also provides that the failure to bring a compulsory counterclaim in a state court proceeding bars a subsequent suit in federal court on that claim. *Montgomery Ward Dev. Corp. v. Juster*, 932 F.2d 1378, 1380-82 (11th Cir. 1991). Florida's Rules of Civil Procedure define what constitutes a compulsory counterclaim. The relevant rule adopts the standard set forth in Federal Rule of Civil Procedure 13(a)(1) and states:

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, provided it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties over whom the court cannot acquire jurisdiction.

Fla. R. Civ. P. 1.170(a). To give effect to this language, the Florida Supreme Court has adopted the "logical relationship test" to determine whether a counterclaim is compulsory under Rule 1.170(a). *Londono v. Turkey Creek, Inc.*, 609 So. 2d 14, 20 (Fla. 1992). This test provides that:

> A claim has a logical relationship to the original claim if it arises out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant.

*Id.* (brackets omitted) (quoting *Neil v. S. Fla. Auto Painters, Inc.*, 397 So. 2d 1160, 1164 (Fla. 3d DCA 1981)).

## II.     Application to the Motion of Wachovia

In the initial state court action by Wachovia against Michael, Carney Jr., and Daniel Petillo, Wachovia sought declaratory judgment concerning the priority of its mortgage on the property at 1391 Tiptree Circle in Orlando owned by the three brothers. (Doc. No. 20-2 at 10-16.) This is the same mortgage for which Daniel claims Wachovia failed to deliver the required disclosures in violation of Regulation Z, entitling Daniel to rescission, and for which all three Petillos claim Wachovia breached its duty to ensure that "the transaction would be correct, legal[,] and sustainable," engaged in unfair and deceptive trade practices, and conspired with Meridian and Alliance to induce Michael to enter into the transaction and encumber the Petillos' property interests. (Doc. No. 1 at 11-16, 18-19.) Thus, the agreement between Wachovia and Michael, the validity of Wachovia's mortgage and the priority of its security interest, and the rights of those claiming an interest in the Petillos' property are the disputed facts serving as the basis for the claims in both actions. This is evidenced in part by the substantial similarity in substance between the facts

pled in the state court action and those alleged in the federal court action. (*Compare id.* at 3-10 *with* Doc. No. 20-2 at 11-13.)

In fact, the Petillos filed a motion[6] for leave to file a counterclaim in the state court action setting forth almost identical claims to those brought in the instant federal action. (Doc. No. 20-4 at 1-3, 20-37.) In this motion, the Petillos even described the proposed counterclaim as "compulsory." (*Id.* at 2.) The motion was denied without prejudice, and the record does not reveal why the Petillos did not further pursue their claims against Wachovia in the state court action.

Based on these circumstances, the same aggregate of operative facts serves as the basis of both the claims by Wachovia in the prior action and the claims by the Petillos in the instant action. As a result, the logical relationship test is met, and the Petillos may not bring their compulsory counterclaim as a separate federal action. Therefore, their claims against Wachovia are barred.[7]

## III. Claims Against Alliance and Meridian

Because Defendants Alliance and Meridian were not parties to the prior action, the compulsory counterclaim rule does not bar the Petillos' claims against these two Defendants. *See* Fla. Civ. P. 1.170(a) (defining a compulsory counterclaim as one which must be brought against the *existing* opposing party). As to Alliance, the Court issued an Order to Show Cause why this Defendant should not be dismissed for failure to effect timely service pursuant to Federal Rule of Civil Procedure 4(m). (Doc. No. 30, filed Jan. 23, 2009.) The Petillos responded by requesting an

---

[6] The state court denied this motion without stating its reasoning but did so without prejudice. (Doc. No. 20-5.)

[7] Moreover, the state court has reached a final judgment in Wachovia's case against the Petillos. (Doc. No. 49-6.) Because the Court concludes that Florida's compulsory counterclaim bars the Petillos' claims in federal court, it has no occasion to consider whether these claims would also be barred under other claim preclusion principles of res judicata.

extension of time to serve Alliance with process. (Doc. No. 34, filed Jan. 30, 2009.) The Court granted the Petillos a ninety-day extension of time on February 1, 2009. (Doc. No. 36.) Well over ninety days have passed since this Order, and the Petillos have not filed a return of service in the record as to Alliance. Because the Petillos have previously been notified of this deficiency but have not remedied the problem by filing proof of service in a timely manner, the Court dismisses without prejudice the claims against Alliance pursuant to Rule 4(m).

A Clerk's Entry of Default was entered against Meridian on September 30, 2008. (Doc. No. 15.) Meridian has not filed an appearance in this case, and the Petillos have not moved for any additional relief against this party.

## Conclusion

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1. The Motion to Dismiss, Abstain from or, in the Alternative, to Stay Action by Defendant World Savings Bank, FSB, n/k/a Wachovia Mortgage, FSB, (Doc. No. 20, filed Oct. 24, 2008), converted into a motion for summary judgment, is **GRANTED**, and the claims against Wachovia are **DISMISSED WITHOUT PREJUDICE** to seeking relief in the state court action.

2. The Motion for Summary Judgment as to Count I by Plaintiff Daniel J. Petillo, (Doc. No. 22, filed Dec. 24, 2008), is **DENIED AS MOOT**.

3. Because the Petillos have already been given the opportunity to cure the failure to serve process to Alliance, and they have not remedied this defect, the claims against Alliance are **DISMISSED WITHOUT PREJUDICE**.

4. The Petillos shall notify the Court what, if any, relief is sought against the remaining Defendant, Meridian, **within ten (10) days** from the date of this Order.

The Clerk of the Court is also directed to send a copy of this Order via certified mail, return receipt requested, to the registered agent of Meridian: Compliance Consulting Corporation of Florida, 1013 Lucern Avenue, Suite 201, Lake Worth, FL 33460.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on July 21, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties
Compliance Consulting Corporation of Florida