**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MICHAEL A. PETILLO, CARNEY G.**
**PETILLO, JR. and DANIEL J. PETILLO,**

                    **Plaintiffs,**

-vs-                                             **Case No. 6:08-cv-1255-Orl-19GJK**

**WORLD SAVINGS BANK, FSB,**
**MERIDIAN CAPITAL MORTGAGE and**
**ALLIANCE TILE COMPANY**

                      **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **MOTION FOR DEFAULT FINAL JUDGMENT AGAINST MERIDIAN CAPITAL MORTGAGE, INC. WITH INCORPORATED MEMORANDUM OF LAW (Doc. No. 53)** |
| **FILED:** | **July 30, 2009** |

**THEREON** it is **RECOMMENDED** that the Motion be **DENIED**.

**I.    BACKGROUND**

On July 29, 2008, Plaintiffs Michael A. Petillo, Carney G. Petillo, Jr., and Daniel J. Petillo (collectively, the "Plaintiffs") filed a Complaint ("Complaint") against Defendants World Savings Bank, FSB ("World Savings"), Meridian Capital Mortgage, Inc. ("Meridian"), and

Alliance Tile Company ("Alliance Tile") (collectively, the Defendants"). Doc. No. 1. The Complaint sets forth the following five counts:

1. Count I is brought by Daniel Petillo against World Savings for Rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635, and Regulation Z, 12 C.F.R. 226.23;
2. Count II is a claim by Plaintiffs against World Savings for Negligence;
3. Count III is a claim by Plaintiffs against Meridian for Negligence;
4. Count V alleges Unfair Trade Practices by Plaintiffs against World Savings; and
5. Count VI is a claim for Civil Conspiracy by Plaintiffs against Meridian, World Savings and Alliance Tile.

*Id.*[1] On September 30, 2008, Clerk's Entry of Default ("Default") was entered against Meridian for failing to appear in the case. Doc. No. 15. On July 21, 2009, the claims against World Savings and Alliance Tile were dismissed. Doc. No. 52. The Court noted that the Plaintiffs had not moved for any additional relief against Meridian following the entry of Default. *Id.* at 10. The Court provided Plaintiffs ten (10) days to notify the Court what, if any, relief was sought against Meridian. *Id.* at 11. The remaining claims were Count III for negligence and Count VI for civil conspiracy against Meridian.

On July 30, 2009, ten (10) months after the entry of Default, Plaintiffs filed a Motion for Default Final Judgment (the "Motion") against Meridian. Doc. No. 53. Plaintiffs request that the Court enter a final judgment against Meridian with respect to Count III for negligence, and grant voluntary dismissal without prejudice against Meridian regarding Count VI for civil conspiracy. *Id.* at 4. On August 13, 2009, Plaintiffs' counsel filed an Affidavit of Attorneys' Fees and Costs. Doc. No. 56.

---

[1] The counts in the Complaint are mis-numbered as it does not contain a count IV.

## II. LAW & ANALYSIS

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by the civil rules, and that fact is made to appear by affidavit or otherwise, the Clerk enters a default. Fed. R. Civ. P. 55(a). Following the entry of default, the party --

> shall then proceed without delay to apply for a judgment pursuant to Rule 55(b), Fed.R.Civ.P., failing which the case shall be subject to dismissal sixty (60) days after such service without notice and without prejudice; provided, however, such time may be extended by order of the Court <u>on reasonable application with good cause shown</u>.

Local Rule 1.07(b). However, the Court notes that if an extension is sought after the original time expires, the standard becomes "excusable neglect" rather than "good cause".[2] The Local Rules require that a motion for default judgment be filed within sixty (60) days of the entry of default. Local Rule 1.07(b).

Plaintiffs offer no justification for the delay in filing the Motion ten (10) months following the entry of default. Accordingly, it is recommended that the Motion (Doc. No. 1) be DENIED as untimely. The only claims that remain pending in this case are those contained in Count III for negligence and Count VI for civil conspiracy against Meridian. As set forth in the Motion, Plaintiffs seek to have the civil conspiracy claim in Count VI dismissed without prejudice. Thus, it is further recommended that this case be dismissed without prejudice.

---

[2] Motions for extensions of time are governed by Rule 6(b), Federal Rules of Civil Procedure. *Id.* Rule 6(b) states that a Court may grant an extension of time in two respects: (1) For good cause shown if the motion is made <u>before</u> the original time expires; or (2) For excusable neglect if the motion is made <u>after</u> the original time expires. Fed.R.Civ.P. 6(b).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 5, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record