MICHAEL A. PETILLO,
CARNEY G. PETILLO, JR.,
DANIEL J. PETILLO,

          Plaintiffs,

-vs-                                           Case No.  6:08-cv-1255-Orl-19GJK

WORLD SAVINGS BANK, FSB,
n/k/a Wachovia Mortgage, FSB,
MERIDIAN CAPITAL MORTGAGE, INC.,
ALLIANCE TITLE COMPANY,

          Defendants.

_____

# ORDER

This case comes before the Court on the following:

1.     Motion for Default Final Judgment Against Meridian Capital Mortgage, Inc. with Incorporated Memorandum of Law by Plaintiffs (Doc. No. 53, filed July 30, 2009);

2.     Report and Recommendation of the United States Magistrate Judge Denying Motion of Plaintiffs for Default Final Judgment Against Meridian Capital Mortgage, Inc. (Doc. No. 57, filed Oct. 5, 2009); and

3.     Objection to Report and Recommendation by Plaintiffs (Doc. No. 58, filed Oct. 15, 2009).

## Background

This is an action brought by Plaintiffs Michael Petillo, Carney G. Petillo, Jr., and Daniel J. Petillo against Defendants World Savings Bank, FSB, n/k/a Wachovia Mortgage, FSB ("Wachovia"), Meridian Capital Mortgage, Inc. ("Meridian"), and Alliance Title Company

("Alliance"). (Doc. No. 1 at 1-3, filed July 29, 2008.) The Complaint alleged five[1] counts: (1) a claim for rescission under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635 (2006), and Regulation Z, 12 C.F.R. § 226.23 (2008), by Daniel Petillo against Wachovia; (2) a negligence claim by all Plaintiffs against Wachovia; (3) a negligence claim by all Plaintiffs against Meridian; (4) a claim for violation of Florida's Deceptive and Unfair Trade Practices Act by all Plaintiffs against Wachovia; and (5) a claim of civil conspiracy by all Plaintiffs against all Defendants. (Doc. No. 1 at 11-19.) The Complaint was served upon Defendant Meridian on August 11, 2008. (Doc. No. 10, filed Sept. 29, 2008.) On September 30, 2008, a Clerk's Entry of Default ("Default") was entered against Meridian. (Doc. No. 15, filed Sept. 30, 2008.)

On July 21, 2009, the Court entered an Order dismissing without prejudice all claims against Wachovia and Alliance, leaving only the claims against Meridian in Counts III and VI for negligence and civil conspiracy. (Doc. No. 52 at 10.) The Court noted in the Order that the Plaintiffs had not moved for any additional relief against Meridian following the entry of Default and provided Plaintiffs ten (10) days to notify the Court what, if any, relief was sought against Meridian. (*Id.* at 10-11.)

On July 30, 2009, Plaintiffs filed a Motion for Default Final Judgment (the "Motion") against Meridian. (Doc. No. 53.) Plaintiffs requested the entry of a final judgment against Meridian on the negligence claim in Count III and a voluntary dismissal without prejudice of the civil conspiracy claim against Meridian in Count VI. (*Id.* at 4.) The United States Magistrate Judge issued a Report and Recommendation that the Motion should be denied as untimely and that the case should be

---

[1]  The fourth count is listed as "Count V," and the fifth count is listed as "Count VI"; however, there is no Count IV. (Doc. No. 1 at 18-19.)

dismissed without prejudice. (Doc. No. 57 at 3.) Plaintiff timely filed an Objection to the Report

and Recommendation from the Magistrate Judge, arguing that the Motion complied with the Court's

previous Order and that a final judgment should be entered against Meridian for nominal damages

plus Plaintiff's attorneys' fees and costs. (Doc. No. 58 at 4.)

## Standard of Review

### I.  Entry of Default and Motion for Default Judgment

Local Rule 1.07(b) sets forth the procedure for obtaining an entry of default and a default

judgment where a party who has been served has failed to plead or otherwise defend. It states:

> When service of process has been effected but no appearance or response is made
> within the time and manner provided by Rule 12, Fed.R.Civ.P., the party effecting
> service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a),
> Fed R. Civ. P, and shall then proceed without delay to apply for a judgment pursuant
> to Rule 55(b), Fed.R.Civ.P., failing which the case shall be subject to dismissal sixty
> (60) days after such service without notice and without prejudice; provided,
> however, such time may be extended by order of the Court on reasonable application
> with good cause shown.

Local Rule 1.07(b). Thus, a party must apply for an entry of default and a default judgment within

sixty (60) days after the service of process. *Id.* Such time may be extended by order of the Court

on reasonable application with good cause shown. *Id.* If an extension of time is sought after the

original time expires, the standard becomes "excusable neglect" rather than "good cause" because

Rule 6 of the Federal Rule of Civil Procedure requires a showing of "excusable neglect" for an

extension of a passed deadline. Fed. R. Civ. P. 6(b)(1)(B).

### II. Objection to a Report and Recommendation of a United States Magistrate Judge

A party seeking to challenge the findings in a Report and Recommendation of a United

States Magistrate Judge must file "written objections which shall specifically identify the portions

of the proposed findings and recommendation to which objection is made and the specific basis for

objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). If a party makes a proper objection, the District Court must conduct a de novo review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; *see also* 28 U.S.C. § 636(b)(1) (2009). The District Court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1).

## Analysis

A party seeking a default judgment must file a motion for default judgment within sixty (60) days after the service of process.[2] Local Rule 1.07(b). The Complaint was served upon Defendant Meridian on August 11, 2008 (Doc. No. 10), and Plaintiffs filed a Motion for Default Judgment on July 30, 2009, almost one year later. (Doc. Nos. 15, 53.) Thus, Plaintiffs must show excusable neglect for the delay. Fed. R. Civ. P. 6(b)(1)(B). Because the Plaintiffs offered no justification for this delay, the Motion for Default Judgment must be denied, and the claim of negligence against Meridian in Count III must be dismissed.

No party objected to the Magistrate's recommendation that the civil conspiracy claim against Meridian in Count VI should be dismissed. (Doc. No. 57 at 3.) Thus, pursuant to the Magistrate's recommendation, the civil conspiracy claim against Meridian in Count VI shall be dismissed.

---

[2] The Magistrate held that pursuant to Local Rule 1.07(b), a motion for default judgment must be filed within sixty (60) days *of the entry of default*. (*See* Doc. No. 57 at 3.) Other Judges of this Court, however, have interpreted Local Rule 1.07(b) to require a motion for default judgment to be filed within sixty (60) days of *the service of process*. *E.g.*, *In re FLSA Cases*, No. 6:08-MC-49-ORL-31GJK, 2009 WL 129599, at *5 n.30 (M.D. Fla. Jan. 20, 2009); *Delgado v. Carrizo Painting and Servs. Corp.*, No. 6:05-cv-759-Orl-28JGG, 2006 WL 5159195, at *2 (June 6, 2006). Under either interpretation of Local Rul 1.07(b), Plaintiffs' motion for default judgment was untimely.

**Conclusion**

Based on the foregoing, it is **ORDERED** and **ADJUDGED** that:

1.      The Objection to Report and Recommendation by Plaintiffs (Doc. No. 58) is **OVERRULED,** and the Report and Recommendation of the United States Magistrate Judge (Doc. No. 57) is **ADOPTED** and **AFFIRMED**.

2.      The Motion for Default Final Judgment Against Meridian Capital Mortgage, Inc. with Incorporated Memorandum of Law by Plaintiffs (Doc. No. 53) is **DENIED.** The claim of negligence against Meridian in Count III and the claim of civil conspiracy against Meridian in Count VI are **DISMISSED without prejudice**.

The Clerk of the Court is directed to close this case and to send a copy of this Order via certified mail, return receipt requested, to the registered agent of Meridian: Compliance Consulting Corporation of Florida, 1013 Lucern Avenue, Suite 201, Lake Worth, FL 33460.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 10, 2009.


PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT


Copies furnished to:

Counsel of Record
Compliance Consulting Corporation of Florida